IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MARIEL ALEJANDRA CASTELLON | ) Case No. 19-13963-KHK |
| | ) |
| | ) Chapter 7 |
| Debtor | ) |
| | ) |

**TRUSTEE'S APPLICATION TO EMPLOY**
**ADAMS, MORRIS & SESSING AS SPECIAL COUNSEL**

Janet M. Meiburger, Chapter 7 Trustee, by her undersigned proposed counsel, hereby applies, pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014, to employ Adams, Morris & Sessing (the "Firm"), as special counsel in this case, to negotiate a short sale of the Debtor's real property located at 418 Old Courthouse Road, NE, Vienna, VA 22180 (the "Property"), and in support of this Application states as follows:

1.  The Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 4, 2019 (the "Petition Date"). The case was converted to Chapter 7 on January 2, 2020 (Docket No. 16). Janet M. Meiburger is the duly qualified and acting Trustee in this case (Docket No. 17).

2.  Included among the property of the bankruptcy estate is the Debtor's 100% ownership interest in the Property.

3.  The Trustee obtained a title abstract for the Property which shows two mortgages and one judgment lien on the Property. The Bank of New York Mellon Trust Company, National

---
Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Proposed Counsel to Chapter 7 Trustee

Association holds the first mortgage on the Property. According to the Motion for Order Granting Relief from Automatic Stay Under 11 USC § 362 (Docket No. 30), the estimated amount due on the first mortgage was $523,278.08 as of February 4, 2020. Specialized Loan Servicing is the servicer for the second mortgage on the Property. According to the Debtor's Schedule D, the amount owed on the second mortgage was approximately $218,303.18 as of the Petition-Date. There is also a judgment lien against the Property, which is junior to the mortgages. There is insufficient equity in the Property to pay the second mortgage or the judgment lien. Therefore, the Property will be sold as a short sale. The Trustee will request that the sale be free and clear of the judgment lien pursuant to 11 U.S.C. § 363(f)(3).

   4.  The Trustee is also filing an application to employ Helaine Newman of Berkshire Hathaway Home Services-PenFed Realty to list the Property for sale. The Trustee proposes to market the Property for sale at a listing price of $725,000.00. This price is based on Ms. Newman's inspection of the Property, on her research and recommendation based on her experience in the real estate market, and on her analysis of current listings and comparable sales.

   5.  The Trustee seeks to retain the Firm to assist the Trustee in obtaining approval of a short sale for the Property on terms which would generate a payment to unsecured creditors. Without a short sale, the Property will be foreclosed and the unsecured creditors will not receive any distribution in this case.

   6.  The services that the Firm will provide include:

    i.  Obtain, create and organize all paperwork, documents and other materials required by the mortgage lender(s), mortgage servicer(s) and/or mortgage holders (collectively, the "lender/investor") in order for the latter to evaluate the short sale proposal.

    ii.  Negotiate with the lender/investor and any other known parties holding liens on the Property to secure the necessary approval(s) or releases to facilitate a short sale transaction with respect to the Property.

      iii.    Maintain communication with the real estate agent employed in the bankruptcy case, the Buyer's real estate agent and the title/closing company to collect documents and coordinate with all of the parties to the transaction to ensure a smooth process from negotiation through closing.

7. A short sale request must be processed through the lender's normal (i.e. non-bankruptcy) loss mitigation procedures. This is a time consuming process for the applicant. Unlike the Trustee, the Firm has extensive experience in negotiating short sales with many lenders. In addition, the Firm has been successful in negotiating most of the short sales which it has attempted. The Firm has reviewed the facts in this case and believes that it is a good candidate for a short sale. Therefore, the Trustee believes that it is in the best interest of the estate to retain the Firm in this matter.

8. The Trustee requests that Firm be compensated based on the following terms:

      i.    The Firm will be paid a fee of up to 3% of the purchase price from the lender's proceeds from the sale of the Property, subject to the lender's approval.

      ii.    The Firm's fee may be a single lump sum or, if required by the lender, may be itemized to reflect the different tasks undertaken by the Firm. This fee may appear on either the seller's or the buyer's side of the settlement statement.

      iii.    The Firm's fee will be ***contingent*** on the successful completion of the short sale and will be subject to Bankruptcy Court approval. In the event that the short sale does not close, for any reason whatsoever, neither the bankruptcy estate nor any other party to the short sale transaction will owe any fees to the Firm.

9. The Legal Services Engagement Agreement attached hereto as Exhibit A contains a full description of the Firm's services to be performed and the Firm's proposed compensation.

10. Based upon the Declaration of Michelle J. Adams attached hereto as Exhibit B, the Trustee believes that the Firm and its employees do not hold or represent any interest adverse

3

to that of the Trustee or the bankruptcy estate, and have no connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as stated in the Declaration. The Firm and its employees are disinterested persons within the meaning of 11 U.S.C. § 101(14).

WHEREFORE, Janet M. Meiburger, Trustee herein, by her undersigned proposed counsel, hereby respectfully requests that the Court enter an order in the form attached hereto as Exhibit C authorizing her to employ Adams, Morris & Sessing, as special counsel to render services in the areas described above, with compensation to be paid upon further order of the Court.

                                             Respectfully submitted

                                             THE MEIBURGER LAW FIRM, P.C.

Dated: February 19, 2020          By: /s/ Janet M. Meiburger
                                              Janet M. Meiburger, Esq., VSB No. 31842
                                              The Meiburger Law Firm, P.C.
                                              1493 Chain Bridge Road, Suite 201
                                              McLean, Virginia 22101
                                              (703) 556-7871

                                              Proposed Counsel to Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 19th day of February, 2020, a true and correct copy of the foregoing Trustee's Application to Employ Adams, Morris & Sessing as Special Counsel will be served by ECF e-mail pursuant to the applicable Standing Order of the Court, and by email on Michelle Adams at *michelle@amslawgroup.com.*

      /s/ Janet M. Meiburger
      Janet M. Meiburger

J:\Trustee\Castellon, Mariel Alejandra (19-13963)\Pleadings\Employment Applications\Application to Employ Special Counsel.1.doc

5

# EXHIBIT A

Document      Page 7 of 16

ADAMS, MORRIS & SESSING
12850 MIDDLEBROOK RD, SUITE 308
GERMANTOWN, MD 20874
PHONE: (301) 637-0143; E-FAX: (888) 614-7163

**Legal Services Engagement Agreement**

This Legal Services Engagement Agreement ("Agreement") is made on this 11th day of February, 2020 by and between Adams Morris & Sessing ("Counsel") a law firm having its principal place of business located at 12850 Middlebrook Road Germantown, MD 20874 and Janet M. Meiburger, Chapter 7 Bankruptcy Trustee in the case of In re: Castellon Case No. 19-13963 ("Client") to assist Client with negotiating lien releases and short sale approval letters for disposition of the property located at 418 Old Courthouse Road, NE Vienna, VA 22180. A "short sale" involves selling the Property at a purchase price that will be insufficient to satisfy all mortgages and other liens against the Property, and pay all closing costs. Client acknowledges that in order to sell the Property via a short sale, approval(s) by some or all lienholders will be required.

This Agreement will be included with and is subject to an Application and Order to Employ Special Counsel to be filed in U.S. Bankruptcy Court.

1. **SCOPE OF SERVICES TO BE PROVIDED BY COUNSEL**

   - Obtain, create and organize all paperwork, documents and other materials required by the Client's mortgage lender/investor in order for the latter to evaluate the short sale proposal;

   - Negotiate with the mortgage lender(s), mortgage servicer(s) and/or mortgage holders (collectively, the "lender/investor"), and any other known parties holding liens on the Property to secure the necessary approval(s) or releases to facilitate a short sale transaction with respect to the Property.

   - Maintain communication with the real estate agent employed in the bankruptcy case, Buyer's real estate agent and the title/closing company to collect documents and coordinate with all the parties to the transaction to ensure a smooth process from negotiation through closing.

   - Client will have responsibility for requesting that the short sale lender forbear or postpone any foreclosure proceedings or activity pending completion of the short sale, if applicable.

2. **COUNSEL'S FEE(S) FOR SERVICES.**

   a. **Counsel will charge for its services as follows:**

      i. Counsel will be paid a fee of up to 3% of the Purchase Price from the lender's proceeds from the sale of the Property, subject to the lender's approval. If the sales price is less than $300,000, the fee shall be no less than $4,500.

      ii. Counsel's fee may be a single lump sum or, if required by the lender, may be itemized to reflect the different tasks undertaken by Counsel during representation. This fee may appear on either side of the HUD1 with the agreement of the buyer.

iii. All fees described in section 2(a)(i) of this Agreement are *contingent* on the successful completion of the short sale and are subject to Bankruptcy Court approval. In the event that the short sale does not close, for any reason whatsoever, neither the bankruptcy estate nor any other purported party to the short sale transaction will owe any fees to Counsel.

3. **TERMINATION OF AGREEMENT**

Counsel or Client may terminate this agreement at any time with or without cause. Notification shall be made in writing.

4. **EFFORT AND OUTCOME**

Counsel agrees to use best efforts in representing Client in the matter; however Client acknowledges that Counsel has given no assurances or guarantees regarding a specific outcome. Client fully acknowledges that Counsel makes no guarantees or warranties, express, implied or otherwise, that the lender/investor will approve a short sale.

Should the lender/investor decline to approve a short sale, the Property could be sold via a foreclosure. Client agrees to update and inform Counsel of any pending foreclosure sale dates and written notification from lender(s). Client acknowledges that Counsel is not in control of the lender's setting, notifying, or actually foreclosing on the Property.

5. **LIMITED POWER OF ATTORNEY**

Client does hereby appoint Counsel as its attorney-in-fact to **correct any typographical errors**, to place Client's initials on documents (as Trustee) where non-substantive changes are made, and/or to sign Client's name (as Trustee) to and acknowledge any modification or other documents correcting the typographical error. In the event this procedure is utilized, Client shall receive a copy of the changed document. This limited power of attorney shall be irrevocable until the earlier of the termination of this agreement or the satisfaction of the loan, if any, and shall survive the disability of the undersigned.

6. **CONFLICTS**

As far as we have been able to determine, there is no present or past representation which creates a conflict of interest preventing us from representing Client as trustee in this case. If in the future we conclude that continuing to represent Client as Trustee would constitute a conflict of interest which cannot be resolved under the Virginia Rules of Professional Conduct, we retain the right to withdraw from representing Client.

Client and Counsel agree to all terms and conditions in this Agreement, subject to Bankruptcy Court approval.

Client: ___[signature]___ (Signature) 2/11/2020 (Date)
            Trustee

Adams Morris & Sessing

By:
___[signature]_____(Signature) _2/11/20_ (Date)
Authorized Representative

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
| MARIEL ALEJANDRA CASTELLON | ) Case No. 19-13969-KHK |
|  | ) |
|  | ) Chapter 7 |
| Debtor | ) |
|  | ) |

### DECLARATION OF MICHELLE J. ADAMS, ATTORNEY AT LAW

I, Michelle J. Adams, declare:

1. I am an attorney with Adams, Morris & Sessing (the "Firm"), the law firm that the Trustee is seeking to employ by the Application to which this Declaration is attached. The members and associates of the Firm are duly admitted to practice in Maryland, the District of Columbia and/ or Virginia.

2. The Firm has extensive experience in negotiating short sales of real property. The Firm is well qualified to represent the Trustee as special counsel herein, and is willing to accept employment on the basis set forth in the Application.

3. The Firm has no connections with the trustee, the debtor, the creditors, any other party in interest, the United States Trustee or any person employed in the U.S. Trustee's office, or their respective attorneys or accountants, except that the Firm has negotiated numerous short sales with Ocwen, Specialized Loan Servicing, and that the Firm has been employed by Janet M. Meiburger in other cases in which she has served as Trustee.

4.  The Firm and its employees do not hold any interest adverse to the above-entitled estate and the Firm is a disinterested person as defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February, 2020, at Germantown, Maryland.

/s/ Michelle Adams
Michelle Adams

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| MARIEL ALEJANDRA CASTELLON ) | Case No. 19-13963-KHK |
| ) | |
| ) | Chapter 7 |
| Debtor ) | |

## ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY
## ADAMS, MORRIS & SESSING AS SPECIAL COUNSEL

Upon consideration of the Trustee's Application to Employ Adams, Morris & Sessing as Special Counsel (the "Application"), filed by Janet M. Meiburger, Chapter 7 Trustee, and the Declaration of Michelle J. Adams, Attorney at Law, in support thereof, and it appearing that Adams, Morris & Sessing (the "Firm") is a disinterested person, and that the employment of the Firm as special counsel is in the best interests of the bankruptcy estate, it is hereby

ORDERED that Janet M. Meiburger, Trustee, is hereby authorized to employ Adams, Morris & Sessing as special counsel for the Trustee and the bankruptcy estate, and it is hereby

ORDERED that the compensation of special counsel for the services that it renders shall be subject to proper application in accordance with 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and may be granted only by Order of this Court.

Date: _____

_____
United States Bankruptcy Judge

Entered on Docket:_____

_____
Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Proposed Counsel to Chapter 7 Trustee

I ASK FOR THIS:

/s/ Janet M. Meiburger_____
Janet M. Meiburger, Trustee, VSB No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, Virginia 22101
(703) 556-7871


SEEN AND NO OBJECTION:



/s/ Jack I. Frankel_____
Jack I. Frankel, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Phone: (703) 557-7229

**PARTIES TO RECEIVE COPIES BY MAIL:**

    Michelle J. Adams, Esq.
    Adams, Morris & Sessing
    12850 Middlebrooke Road
    Germantown, MD 20874